Jack WEBB, Eugene Sterner and Fred Ryan, as Individuals, and on Behalf of a Class of Individuals Similarly Situated, Plaintiffs–Appellees,

and

Alex Koulikas, Frances Kurau and William Collier, as Individuals, and on Behalf of a Class of Individuals Similarly Situated, Plaintiffs,

v.

GAF CORPORATION, GAF Employee Benefit Program For International Association Of Machinists And Aerospace Workers, Johnson City Lodge # 1807, and GAF Employee Benefit Program For International Chemical Workers, Local # 306, Defendants–Appellants.

No. 330, Docket 95–7201.

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1995.

Decided March 5, 1996.

Francis X. Dee, Newark, New Jersey (Patrick G. Brady, Rosemary J. Bruno, Carpenter, Bennett & Morrissey, of counsel), for Defendants–Appellants.

David E. Peebles, Syracuse, New York (Hancock & Estabrook, LLP, of counsel), for Plaintiffs–Appellees.

Before: CARDAMONE and MAHONEY, Circuit Judges, and POLLACK, Senior District Judge.*

PER CURIAM:

Defendants-appellants GAF Corporation, GAF Employee Benefit Program for International Association of Machinists and Aerospace Workers, Johnson City Lodge # 1807, and GAF Employee Benefit Program for International Chemical Workers, Local # 306 (collectively "GAF")[1] appeal from a preliminary injunction entered February 7, 1995, in the United States District Court for the Northern District of New York, Howard G. Munson, *Senior Judge,* following a jury trial. The preliminary injunction was entered upon a special verdict that was partially in favor of plaintiffs-appellees.[2]

The complaint in this action sought declaratory and injunctive relief, as well as damages, pursuant to § 301(a) of the Labor Management Relations Act, 1947 (the "LMRA"), 29 U.S.C. § 185(a), which authorizes "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce," and § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), which authorizes an action by an ERISA plan beneficiary "to recover benefits due to him under the terms of his plan, [or] to enforce

---

* The Honorable Milton Pollack of the United States District Court for the Southern District of New York, sitting by designation.

1. GAF Corporation advises that the other defendants-appellants were named in the complaint by a misnomer, and that the proper designation should be the "GAF Comprehensive Medical Plan for Retirees."

2. The district court signed an amended order on March 6, 1990 that certified two classes of plaintiffs in this case. One class, represented by plaintiffs-appellees Jack Webb, Eugene Sterner, and Fred Ryan (the "IAM Plaintiffs"), consists of former GAF employees who (1) took early retirement on or after July 1, 1973 when they were members of a bargaining unit represented by the International Association of Machinists and Aerospace Workers, Johnson City Lodge # 1807 ("IAM"), (2) at the time of retirement had been continuously covered by the Employee Plan for at least ten years, and (3) elected continued medical coverage under a GAF plan following retirement. The other class, represented by plaintiffs Alex Koulikas, Frances Kurau, and William Collier (the "ICW Plaintiffs"), consists of otherwise similarly situated GAF early retirees who took early retirement on or after July 1, 1976 from a bargaining unit represented by the International Chemical Workers Union, Local # 306. The jury verdict in this case found no breach of any contractual commitment as to the ICW Plaintiffs, and the preliminary injunction that is the subject of this appeal accordingly granted that class no relief. Therefore, only the claims of the IAM Plaintiffs are presented on this appeal.

his rights under the terms of the plan." The suit responded to GAF's decision to make various revisions to certain medical benefit plans, as hereinafter described.

The medical benefit plans were established and maintained by GAF for the benefit of certain of its hourly employees who worked at GAF's facilities in Binghamton, Johnson City, and Vestal, New York. These benefits were provided pursuant to several collective bargaining agreements (the "CBAs") that were in effect between GAF and IAM from 1973 to 1983. In 1981, GAF sold both its graphic arts business and its reprographics business to other corporations, which prompted many IAM members to opt for early retirement.

The CBAs in effect from 1973 to 1983 provided the IAM Plaintiffs with continued medical coverage under GAF's benefit plans. These plans provided that an early retiree who elected to receive medical benefits was required to pay a premium for his coverage until he reached age 65. For those under 65, the monthly premium was $3 for single coverage and $6 for family coverage. Retirees over age 65 did not have to pay premiums, but their coverage was limited to a cumulative $5,000 Medicare supplement.

On August 28, 1984, GAF notified its retirees that effective October 1, 1984, it would increase monthly premiums for early retirees under age 65, institute monthly premium contributions for early retirees over age 65, revise plan benefits to pay only "usual and customary" medical charges, and increase the annual deductible levels. This action was commenced on May 31, 1985, and two plaintiffs' classes were thereafter certified by the district court. See supra note 2. On October 5, 1987, the district court denied a motion for a preliminary injunction by plaintiffs and plaintiffs-appellees, finding "little if anything in the record before it in this case upon which [the court] could base a finding of threatened irreparable harm."

The case was tried in September 1992.[3] Responding to special interrogatories, the jury returned a verdict on September 25, 1992 which determined, inter alia, that GAF: (1) had not breached the CBAs by increasing the annual deductible levels in the medical benefit plans for the IAM plaintiffs; but (2) had breached the CBAs by increasing and (in the case of retirees over age 65) initiating premiums for the IAM Plaintiffs. GAF then filed a motion for partial judgment as a matter of law, or alternatively for a partial new trial, as to the issues decided in favor of the IAM Plaintiffs. Similarly, the IAM Plaintiffs filed a motion for, inter alia, a permanent injunction, and partial judgment as a matter of law as to the issues found in GAF's favor. All posttrial motions were argued on December 4, 1992.

■ The district court thereafter entered the preliminary injunction from which this appeal is taken pursuant to 28 U.S.C. § 1292(a)(1), incorporating therein the jury's special verdict finding in favor of the IAM Plaintiffs with respect to premiums. After the oral argument of this appeal, however, the district court issued a 47–page memorandum-decision and order that decided the pending posttrial motions in accordance with the jury's determinations. See Webb v. GAF Corp., No. 85–CV–777, slip op., 1996 WL 31317 (N.D.N.Y. Jan. 24, 1996). Among other things, this decision ruled that "the current preliminary injunction ... is now permanent." Id. at 44. Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed, jurisdiction is retained where, as here, the appeal is from an order granting or denying a preliminary injunction. New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir.1989), cert. denied, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). Therefore, the district court had jurisdiction to issue a permanent injunction.

■ The issues presented by this appeal involve the appropriateness of the posttrial preliminary injunction that was issued by the district court. Obviously, quite different considerations are presented by a preliminary

---

**3.** The parties agree that the LMRA case was tried to the jury, but differ as to whether the ERISA case was tried to the jury or to the bench. In view of our disposition of this appeal, we do not address this issue.

injunction that is entered prior to a final judgment on the merits, and a permanent injunction that constitutes a central component of such a final judgment. Further, the appeal in this case brings before us only the preliminary injunction pursuant to § 1292(a)(1), and the arguments presented to us regarding the merits of the decision below are (a) tangential to our review of the preliminary injunction, and (b) presented without the benefit of or any focus upon the district court's recent dispositive ruling regarding the parties' posttrial motions.

It is accordingly clear that the present appeal is moot and should be dismissed, without prejudice to any appeal that may hereafter be taken from a final decision in this case pursuant to 28 U.S.C. § 1291. *See Town of West Hartford v. Operation Rescue*, 991 F.2d 1039, 1043 (2d Cir.) (entry of permanent injunction moots appeal from preliminary injunction), *cert. denied,* —— U.S. ——, 114 S.Ct. 185, 126 L.Ed.2d 144 (1993); *Terry,* 886 F.2d at 1350 (same); *cf. Cousin v. Office of Thrift Supervision, Dep't of Treasury,* 73 F.3d 1242, 1252 (2d Cir.1996) (dismissing as moot petitioner's appeal from temporary suspension and prohibition regarding his involvement in the affairs of any banking institution that was made final by permanent prohibition affirmed on appeal).

The appeal is dismissed as moot.