**DESKTOP IMAGES, INC., a Colorado corporation, Plaintiff,**

v.

**Anthony AMES, an individual; Silicon/Aames, Inc., a Colorado corporation, d/b/a Ames Teleproductions, Silicon Publishing, Silicon Mountain Publishing and Silicon Mountain Training; Diamond Entertainment Corporation, a California corporation; Wal–Mart Stores, Inc., a Delaware corporation; Sam's Wholesale Club, a Division of Wal–Mart Stores, Inc., a Delaware corporation; Best Buy Company, Inc., a Minnesota corporation; Time–Warner Viewer's Edge, a partnership of Video M Group and TMC Video; and American Portrait Films, Inc., an Ohio corporation, Defendants.**

Civil Action No. 95–K–2229.

United States District Court, D. Colorado.

July 17, 1996.

Todd P. Blakely, John R. Posthumus, Sheridan, Ross & McIntosh, Denver, CO, for Plaintiff.

Peter W. Burg, Scott J. Eldredge, Burg & Eldredge, P.C., Denver, CO, Dennis A. Graham, Harold Bruno, III, Gabe McFarland, Hopper & Kanouff, P.C., Denver, CO, Muriel A. Agnelli, Susan M. Vogel, John P. Giduck, Denver, CO, I. Steven Siglin, Costa Mesa, CA, for Defendants.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

KANE, Senior District Judge.

Desktop Images, Inc. ("Desktop") filed a verified complaint on August 29, 1995, against Anthony Ames, Silicon/Aames, Inc. ("Silicon/Aames"), Diamond Entertainment Corporation ("Diamond"), Wal–Mart Stores ("Wal–Mart"), Inc., Sam's Wholesale Club ("Sam's"), Best Buy Company, Inc. ("Best Buy"), Time–Warner Viewer's Edge ("Time–Warner"), and American Portrait Films, Inc. ("APF"). Desktop seeks injunctive relief, damages, and attorney fees relating to the alleged misuse of its copyrighted video tutorial entitled "Understanding the Microsoft Windows 3.1. Operating System" ("video tutorial"). It asserts the following causes of action: (1) Copyright Infringement against all Defendants; (2) Contributory Copyright Infringement against Ames, Silicon/Aames and Diamond; (3) Vicarious Liability for Copyright Infringement against Ames; (4) Violation of Section 43(a) of the Lanham Act against Diamond, Wal–Mart, Sam's Wholesale Club, Best Buy, Time–Warner and APF; and (5) Fraudulent Misrepresentation against Ames and Silicon/Aames.

Subject matter jurisdiction exists under 28 U.S.C. § 1338(a), 1338(b), 1367, and 15 U.S.C. § 1121.

On June 18, 1996, I denied the Motion to Dismiss Complaint, or in the alternative, to Stay Proceedings and Compel Arbitration filed by Defendants, Ames, Silicon/Aames, Wal–Mart, and Sam's in which the remaining Defendants, Diamond, Best Buy, and APF joined.

On June 28, 1996, Anthony Ames, Silicon/Aames, Diamond, Wal–Mart, Sam's, and Best Buy (collectively hereafter "Defendants") appealed the June 18, 1996 order

pursuant to the Federal Arbitration Act 9 U.S.C. § 16(a)(1)(A)[1] and Federal Rule of Appellate Procedure 4(a)(1).

On June 28, 1996, Defendants filed a Motion to Stay Proceedings Pending Appeal and Certification under D.C.Colo.L.R. 7.1. They assert their motion is pursuant to Federal Rule of Civil Procedure 62(d).[2]

On July 15, 1996, Desktop's Response to Defendants' Motion to Stay was filed.

Oral argument on the motion to stay was held this day, July 17, 1996 at 9:15 a.m.

### Motion to Stay Proceedings Pending Appeal.

Defendants maintain a stay of proceedings in this court is necessary to preserve their rights under the law and that a failure to stay will effectively moot the appeal by forcing them into prolonged litigation. They state further, the at-issue video tutorial is no longer being distributed by Defendants and any damages incurred by Desktop have already occurred. Accordingly, they maintain, a stay of proceedings will not prejudice Desktop.

Desktop correctly states the proper basis for the motion to stay is Rule 62(c) relating to an injunction pending appeal rather than Rule 62(d). Rule 62(c) pertinently provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed.R.Civ.P. 62(c).

The June 18, 1996 order, from which Defendants appeal, denied their Motion to Dismiss Complaint, or in the alternative, to Stay Proceedings and Compel Arbitration. The denial amounts to a denial of an injunction, defined as "a coercive order by the court directing a party to do or refrain from doing something, and applies to future actions." *See Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir.1987). Further, Defendants' appeal is based on 9 U.S.C. § 16(a)(1)(A) from "an order refusing a stay." Accordingly, the appeal is taken from an interlocutory order denying an injunction and Defendants' motion to stay this lawsuit pending appeal seeks an order granting an injunction pending the appeal. As such it is correctly characterized as pursuant to Rule 62(c).

> The test for obtaining a stay pending appeal is the same as that for an injunction in this circuit. To obtain a stay, the movant must establish: (1) a likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to the opposing party; and (4) the public interest is not adverse to the stay.

*Colorado Public Utilities Comm'n v. Yellow Cab Coop. Ass'n (In re Yellow Cab Coop. Ass'n)*, 192 B.R. 555, 557 (D.Colo.1996) (citing *Securities Investor Protection Corp. v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir.1992)). *See also Blanchette v. Schweiker*, 530 F.Supp. 596, 598 (D.Colo. 1982).

Desktop asserts Defendants can make no showing of satisfaction of the four requirements. It argues they cannot show a likelihood of success on appeal, citing my determinations that Desktop and Silicon/Aames did not agree in writing to arbitrate the issues underlying the complaint; that Diamond, Wal–Mart, Sam's Club and Best Buy do not have an arbitration clause on which to rely or any other basis for mandating arbitration; that the complaint clearly alleges claims for relief under the Copyright Act; and that interposing the agreement as a defense does not result in the dispute arising under the agreement. (Mem. Op. & Order June 18, 1996 at 17.)

---

**1.** The Arbitration Act provides: "(a) An appeal may be taken from (1) an order—(A) refusing a stay of any action under section 3 of this title...." 9 U.S.C. § 16(a)(1)(A).

**2.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court. Fed.R.Civ.P. 62(d).

At oral argument, Defendants cited *C.B.S. Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette Securities Corp.,* 716 F.Supp. 307 (W.D.Tenn.1989), *aff'd,* 912 F.2d 1563 (6th Cir.1990), in which the court denied a motion to stay pending arbitration and granted a stay pending appeal. The facts are distinctly different from the case at bar and because the decision whether to grant a stay is fact bound, that case is not persuasive.

Counsel cites the *C.B.S.* opinion, however, for the proposition that "it is unlikely that a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal. To make such a finding, the district court would be saying it erred in not granting a defendant's original motion to stay the proceedings pending arbitration, and the Court of Appeals is likely to reverse its decision." *Id.* at 309. I agree. Such a finding would have a rational basis only if the district court followed a precedent which it thought was clearly overdue for reversal by a court possessing the authority to reverse.

In the granting or denial of injunctions this court has ruled, consistent with the cited opinion, that the true test is whether the movant has made a substantial case on the merits. In other words, has the movant presented a serious and substantial legal question. In the case at bar, I cannot make that finding. The undisputed facts do not permit it.

Defendants maintain "a stay is necessary to preserve Defendants' rights under the law" because a failure to stay will force them into "prolonged litigation." (Mot. to Stay Proceedings Pending Appeal ¶ 6.) This could be read as an attempt to show a threat of irreparable harm if the stay is not granted. However, based on my determination that Defendants have no basis for mandating arbitration, and that I have subject matter jurisdiction over the issues raised in the complaint, Defendants have no cognizable right to avoid litigation in this court.

Defendants assert they are no longer distributing the at-issue video tutorial, that any damages incurred by Desktop have already occurred and it will not, therefore be prejudiced by a stay of proceedings. This argument fails as an attempt to show the absence of harm to the opposing party because it ignores Desktop's entitlement to litigate and resolve its claims without further delay.

Defendants make no showing that the public interest is not adverse to the stay. "Public policy dictates the timely conclusion of legal disputes." *Evans v. Board of County Comm'rs,* 772 F.Supp. 1178, 1181 (D.Colo. 1991). Proceeding promptly with the litigation of Desktop's claims will promote such policy.

### Conclusion.

Defendants have not made a showing of the requisite elements for obtaining a stay of proceedings pending appeal. Accordingly, I deny the Motion to Stay Proceedings Pending Appeal.

IT IS ORDERED THAT the Motion to Stay Proceedings Pending Appeal is DENIED.