55 F.Supp.2d 231 (1999)
SATCOM INTERNATIONAL GROUP PLC, Plaintiff,
v.
ORBCOMM INTERNATIONAL PARTNERS, L.P., Defendant.
No. 98 CIV. 9095(DLC).
United States District Court, S.D. New York.
June 29, 1999.
*232 Leon P. Gold, John Siegal, Proskauer Rose LLP, New York City, for plaintiff.
David J. Grais, Michael P. De Simone, Deborah J. Verdile, Gibson, Dunn & Crutcher LLP, New York, Peter M. Brody, J. Steven Baughman, Ropes & Gray, Washington, DC, for defendant.

OPINION AND ORDER
COTE, District Judge.
On December 23, 1998, plaintiff SATCOM International Group PLC ("SATCOM") filed this action seeking damages and a permanent injunction as well as interim injunctive relief against defendant *233 ORBCOMM International Partners, L.P. ("ORBCOMM"). On March 18, 1999, the Court issued an Order denying the motion for a preliminary injunction. On April 20, 1999, SATCOM filed a notice of appeal from this Court's March 18, 1999 Order, which notice was subsequently withdrawn.
On May 27, 1999, the Court issued an Opinion and Order denying plaintiff's motion to stay proceedings before this Court pending arbitration and granting defendant's cross motion to stay arbitration and to enjoin plaintiff from further proceeding in arbitration. The next day plaintiff filed a notice of appeal from that Opinion and Order and filed a motion before this Court "for an order enjoining any further prosecution of this action during the pendency of plaintiff's appeal" until the issuance of the mandate of the court of appeals. On the same day, the Court declined to decide plaintiff's motion on ripeness grounds since the defendant had not yet indicated an intent to proceed with active litigation before this Court during the pendency of the appeal. On June 4, 1999, defendant wrote the Court indicating its intent to proceed before this Court by filing a motion for summary judgment. Plaintiff's motion is therefore ripe for adjudication.[1]
In general,
"[t]he filing of a notice of appeal is an event of jurisdictional significance  it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."
United States v. Rodgers, 101 F.3d 247, 251 (2d Cir.1996) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). The district court does not regain jurisdiction until issuance of the mandate by the court of appeals. Id. The divestiture of jurisdiction, however, is not "automatic" and instead is "guided by concerns of efficiency ...." Id. "`[I]t is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" United States v. Salerno, 868 F.2d 524, 540 (2d Cir.1989), (quoting United States v. Claiborne, 727 F.2d 842, 850 (9th Cir.1984)). As noted by the Second Circuit:
Whatever the superficial attractiveness of a per se rule that filing of a notice of appeal automatically divests the district court of jurisdiction as to matters covered by the notice, such a rule is subject to abuse, and our application of the divestiture rule must be faithful to the principle of judicial economy from which it springs.
Rodgers, 101 F.3d at 251. Thus, in appropriate circumstances, the filing of an appeal does not divest the district court of jurisdiction. For example, the district court retains jurisdiction if the filing of the notice of appeal was from a non-appealable order. See Rodgers, 101 F.3d at 252; Burger King Corp. v. Horn & Hardart Co., 893 F.2d 525, 527 (2d Cir.1990); SEC v. America Bd. of Trade, Inc., 829 F.2d 341, 344 (2d Cir.1987); Leonhard v. United States, 633 F.2d 599, 610 (2d Cir.1980).
Appellate jurisdiction is defined by statute and "generally is limited to appeals from final judgments of the district court pursuant to 28 U.S.C. § 1291 and from certain interlocutory orders pursuant to 28 U.S.C. § 1292." Kahn v. Chase Manhattan Bank, N.A., 91 F.3d 385, 387 (2d. Cir.1996). Where the appeal is from a final judgment, the district court can take only limited action during pendency of the appeal. For example, the district court is free to correct clerical errors in a judgment or order without leave of the court of appeals prior to the docketing of the appeal, see Rule 60(a), Fed.R.Civ.P.; Burger King, 893 F.2d at 527, and to take actions in aid of the appeal, see Rule 7, 8, Fed. R.App. P. A district court may also, without leave, *234 grant relief to preserve the status quo pending appeal. See Rule 62(c), Fed. R.Civ.P.; Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 565 (2d Cir.1991); International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc., 847 F.2d 1014, 1018 (2d Cir.1988). The district court may deny a Rule 60(b) motion after the filing of the notice of appeal, although it lacks jurisdiction to grant such a motion. See Selletti v. Carey, 173 F.3d 104, 109 (2d Cir.1999) (citing Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir.1992)). Finally, where the final judgment entered by the district court does not reach the question of attorney's fees, the district court may proceed to award fees during pendency of the appeal. See Toliver, 957 F.2d at 49; 15B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3915.6 (2d ed.1992). See also Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966, 973 (2d Cir.1975) (district may order consolidation unrelated to final order during pendency of the appeal).
Appeals from interlocutory orders are generally authorized by the "collateral order" exception to the final order rule and by 28 U.S.C. § 1292(a)-(b). See Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 755 (2d Cir. 1998). In such cases, jurisdiction is divested only with respect to "issues decided in the order being appealed." Webb v. GAF Corp., 78 F.3d 53, 55 (2d Cir.1996). There is no complete divestiture of jurisdiction where "the judgment appealed from does not determine the entire action, in which case the district court may proceed with those matters not involved in the appeal." New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir.1989). As a result, an appeal from an interlocutory order granting or denying a preliminary injunction, which is appealable under 28 U.S.C. § 1292(a), does not divest the district court of jurisdiction, and the case proceeds on the merits unless otherwise ordered. See, e.g., Webb, 78 F.3d at 55; Terry, 886 F.2d at 1350. In addition, in at least some circumstances, the district court may proceed with the merits where there is a frivolous appeal from an interlocutory order. See Salerno, 868 F.2d at 540 (frivolous interlocutory appeal on double jeopardy grounds did not displace jurisdiction to proceed to trial).
As discussed in greater detail in this Court's May 27, 1999 Opinion and Order, the agreements at issue fall within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. §§ 201-208. Enacted in 1988, Section 16(a) of the Federal Arbitration Act ("FAA") authorizes an immediate appeal from an interlocutory order "denying an application under section 206 [of the Convention] to compel arbitration" and from an "interlocutory order granting ... an injunction against an arbitration that is subject to this title ...." 9 U.S.C. § 16(a). The purpose of Section 16 is "`to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration.'" Augustea Impb Et Salvataggi v. Mitsubishi Corp., 126 F.3d 95, 98 (2d Cir.1997) (quoting Filanto S.p.A. v. Chilewich Int'l Corp., 984 F.2d 58, 60 (2d Cir.1993)). "Section 16 `is a pro-arbitration statute designed to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration.'" Id. at 99 (quoting David D. Siegel, Practice Commentary: Appeals from Arbitrability Determinations, 9 U.S.C.A. § 16, at 352 (West Supp.1997)).
There is a circuit split as to whether a district court retains jurisdiction once an appeal has been filed under Section 16(a) of the FAA. In Britton v. Co-op Banking Group, 916 F.2d 1405, 1411 (9th Cir.1990), a defendant appealed a district court's denial of his motion to compel arbitration. After the filing of the notice of appeal, proceedings in the district court continued, resulting in the entry of a default judgment because of a failure by the defendant *235 to engage in discovery. On appeal, the Ninth Circuit viewed the case as one in which the district court was entitled to proceed with respect to matters not involved in the appeal, and "[s]ince the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits." Id. at 1412. As a policy basis for its decision, the Ninth Circuit noted that
the rule urged ... would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration. The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration.
Id. (emphasis supplied). Under the Ninth Circuit approach, the district court has discretion whether to proceed once a notice of appeal from a denial of a motion compelling arbitration is filed.[2]See id.
The Seventh Circuit sharply disagreed with the holding of the Ninth Circuit in Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir.1997). In Bradford-Scott, the district court denied a motion to stay litigation pending arbitration on the ground that the dispute was not arbitrable under the arbitration agreements. After an immediate appeal, the district court refused to stay discovery and a trial pending appeal. Adopting the view that the presumption should be against proceeding in the district court during pendency of the appeal, the Seventh Circuit expressly disagreed with the Ninth Circuit's conclusion that "arbitrability is distinct from the merits of the litigation" and instead concluded that "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide." Id. at 506.
Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A), however; it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.
Id. at 505. The Seventh Circuit also disagreed that a rule divesting the district court of jurisdiction would necessarily allow litigants to file frivolous appeals and thereby delay adjudication of the merits of the case, because of the existence of other remedies to deal with frivolous appeals. See id. at 506. Instead, the Seventh Circuit viewed a divestiture of jurisdiction rule as consistent with the federal policy in favor of arbitration:
Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do so sequentially. ... Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and *236 arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.
Id. at 506.
Although the Second Circuit has not squarely addressed this issue, it did affirm a district court's decision to proceed during pendency of an appeal from an order denying a motion to compel arbitration in Weiner v. Gutfreund (In re Salomon Inc. Shareholders' Derivative Litig.), 68 F.3d 554, 557 (2d Cir.1995). In that case, after three years of litigation, defendant for the first time made an application to compel arbitration. Judge Patterson granted the application, but the New York Stock Exchange (N.Y.SE), before which the relevant agreements contemplated that the dispute would be arbitrated, declined to arbitrate the dispute. Defendants then again moved in the district court to compel arbitration, but that application was denied by Judge Patterson. Defendant appealed the denial and sought a delay in the trial date. Judge Patterson refused to adjourn the trial date, and on appeal, the Second Circuit upheld Judge Patterson's denial of a stay during pendency of the appeal. The Second Circuit also noted that at oral argument it had denied from the bench a renewal of that application. See id. at 557. Nonetheless, the Second Circuit did not provide any reasons for the decision and did not indicate whether the basis for the decision was the frivolousness or abusiveness of the appeal or a more general view that proceedings before the district court may continue at the district court's discretion during pendency of an appeal under Section 16(a) of the FAA.
The Court interprets the Second Circuit's decision in In re Salomon, Inc. to be limited to cases with similar facts where a party is clearly abusing the right to appeal in order to avoid proceeding before the district court and declines to interpret the case as a grant of general discretion to the district court to proceed during pendency of an appeal pursuant to Section 16(a). As such, the present situation is distinguishable on its facts. Although the issues decided in the May 27, 1999 Opinion and Order are far from close, SATCOM's appeal can not fairly be characterized as frivolous or abusive. The relevant agreements between the parties contain arbitration clauses, and the Court's decision rested on a careful reading of those agreements as well as a waiver analysis. SATCOM filed a motion for expedited appeal before the Second Circuit, which was denied on June 22, 1999.
Since Second Circuit authority does not provide a clear answer to the present motion, the Court believes the better view is the one adopted by the Seventh Circuit, that the district court is ordinarily divested of jurisdiction during pendency of an appeal under Section 16(a). The basis for this holding is that the appeal raises the same issues as would further proceedings before this Court on the merits. In the decision from which the appeal is taken, the Court decided that the relevant agreements did not require arbitration at this juncture in the litigation and that plaintiff had waived any right to arbitrate it once possessed. On this basis, the Court enjoined the arbitration previously initiated by SATCOM. In effect, the substance of the Court's decision was that further proceedings would take place before this Court and not before an arbitrator. Additional proceedings before this Court during pendency of the appeal therefore raise precisely the issue that the Second Circuit will address, namely the proper forum for the resolution of the remaining issues in this case. As a result, the normal rule in favor of divestiture of jurisdiction should apply during pendency of the appeal and a stay is appropriate until jurisdiction is returned to this Court by the issuance of the mandate of the Court of Appeals.[3] The application of the divestiture rule in this case is entirely in *237 keeping with the principle of judicial economy from which the rule arises. Rodgers, 101 F.3d at 251. In addition, this result is consistent with both the statutory objective of Section 16(a) to promote arbitration, see Augustea Impb Et Salvataggi, 126 F.3d at 98, and the particular solicitousness for arbitration in international commercial disputes embodied in the Convention, see Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 629, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

CONCLUSION
The plaintiff's motion to stay further proceedings before this Court during the pendency of the plaintiff's appeal from the May 27, 1999 Opinion and Order is granted.
SO ORDERED.
NOTES
[1] On June 14, 1999, the Court issued an order adjourning briefing of the summary judgment motion pending this Court's decision to allow litigation during pendency of the appeal.
[2] Britton appears to contemplate that the merits of the appeal will guide the district court's exercise of discretion. Nonetheless, district courts adopting the discretionary approach have applied the balancing test developed under Rule 62(c) that involves weighing not only the likelihood of success on the merits, but also irreparable injury to the applicant, injury to other parties, and the public interest. See Desktop Images, Inc. v. Ames, 930 F.Supp. 1450, 1451 (D.Col.1996); Ellsworth Assocs., Inc. v. United States, 917 F.Supp. 841, 847 (D.D.C.1996); Triton Container Int'l Ltd. v. Baltic Shipping Co., Civ. A. No. 95-0427, 1995 WL 758928, at *1-2 (E.D.La. Dec.21, 1995); C.B.S Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette Securities Corp., 716 F.Supp. 307, 309 (W.D.Tenn.1989). The Seventh Circuit explicitly rejected a discretionary approach in favor of a jurisdictional one in Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir.1997), discussed below.
[3] Plaintiff's application is technically one for an injunction of further proceedings. In the Court's view, however, the appropriate relief is a stay of further proceedings during pendency of the appeal.