324

CARDELL FINANCIAL CORP.,
Petitioner–Appellee–Cross–
Appellant,

v.

SUCHODOLSKI ASSOCIATES, INC.,
Consultora Worldstar S.A., Respon-
dents–Appellants–Cross–Appellees,

Deltec Holdings, Inc., and its subsidiar-
ies, Metropolis Shipping and Busi-
ness, Inc., Respondents.

Nos. 06–3891–cv(L), 06–3895–cv(CON),
06–3985–cv(XAP), 06–4520–
cv(XAP).

United States Court of Appeals,
Second Circuit.

Jan. 25, 2008.

John H. Doyle III, (Michael J. Lane,
Helen J. Williamson, Gregory S. Hansen,
on the brief), Anderson Kill & Olick P.C.,
New York, N.Y., for Appellee–Cross–Ap-
pellant.

Michael Evan Jaffe, (David L. Kelleher,
on the brief), Thelen Reid Brown Raysman
& Steiner LLP, Washington, D.C., for Ap-
pellants–Cross–Appellees.

PRESENT: AMALYA L. KEARSE,
PIERRE N. LEVAL and JOSÉ A.
CABRANES, Circuit Judges.

SUMMARY ORDER

Respondents-appellants-cross-appellees Suchodolski Associates, Inc., ("SAI") and Consultora Worldstar, S.A. ("Worldstar") appeal the District Court's January 3, 2006, 2006 WL 10886, order enjoining SAI and Worldstar from pursuing certain claims in an action filed in Brazil ("Brazilian Action"). Petitioner-appellee-cross-appellant Cardell Financial Corporation ("Cardell") cross-appeals the District Court's order to the extent that it denies Cardell attorney's fees for conducting the arbitration proceeding. Cardell has also filed a motion to dismiss the instant appeal as moot. We assume the parties' familiarity with the facts and the lengthy record of the prior proceedings in this litigation.

On appeal, SAI and Worldstar argue that (1) the District Court misconstrued the pleadings in the Brazilian Action; (2) the injunction was both premature and overbroad; and (3) the District Court erred in concluding that Cardell was entitled to an award of attorney's fees. Cardell's cross-appeal contends that the District Court erred in failing to award Cardell all of the attorney's fees incurred since the inception of the relevant proceedings.

We review a District Court's decision to grant permanent injunctive relief, including an anti-suit injunction, for abuse of discretion. See, e.g., Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 500 F.3d 111, 118–19 (2d Cir.2007). After a review of the applicable law and the record, we conclude that there is no basis for reversal of the judgment.

Our Court has held that "we have no jurisdiction, under 28 U.S.C. § 1291, to review a grant of attorney's fees and costs

until the amount of fees and costs have been set." *Krumme v. WestPoint Stevens Inc.,* 143 F.3d 71, 87 (2d Cir.1998) (considering an award of attorney's fees pursuant to a contractual provision in a pension plan). Because the District Court has not issued a final order on the amount of fees awarded, we do not have jurisdiction to review the decision to grant attorney's fees.

Finally, we conclude that the instant appeal was not rendered moot by the issuance of a subsequent injunction. Unlike a case in which the grant of permanent injunctive relief replaces, and therefore renders moot, a previous grant of temporary relief, *see Webb v. GAF Corp.,* 78 F.3d 53, 56 (2d Cir.1996), the later injunction issued by the District Court in this case did not supersede the injunction that is the subject of the instant appeal.

The motion to dismiss on the ground that the instant appeal is moot is **DE-NIED.** The cross-appeal and the appeal to the extent that they challenge the District Court's award of attorney's fees are **DISMISSED** for lack of jurisdiction. In all other respects, the judgment of the District Court is **AFFIRMED.**