SUMMARY ORDER
Defendants Consist Software Solutions, Inc., and its CEO, Natalio Fridman (collectively “Consist”), appeal the entry of a preliminary anti-suit injunction, see 28 U.S.C. § 1292(a)(1), which, in relevant part, prevents Consist from commencing or prosecuting actions in certain South American countries that (1) seek to compel Software AG, Inc., and Software AG (collectively “SAG”) to act under any purported obligation arising from the parties’ 1998 distribution agreement; or (2) relate to certain trademarks on products manufactured by SAG and previously distributed in the relevant territory by Consist. The injunction also required Consist to withdraw two actions previously filed in Brazil and to seek vacatur of any court order that would require SAG to perform under the parties’ 1998 distribution agreement or prevent SAG from using trademarks for its products in the territory. We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.
A preliminary anti-suit injunction may be entered only if the multi-factor test set forth in China Trade and Development Corp. v. M.V. Choong Yong (“China Trade”), 837 F.2d 33 (2d Cir.1987), and the ordinary test for a preliminary injunction are both satisfied, see In re Milleni-um Seacarriers, Inc., 458 F.3d 92, 98 (2d Cir.2006). Under China Trade we first consider whether “(A) the parties are the same in both matters, and (B) resolution of the case before the enjoining court is dis-positive of the action to be enjoined.” Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 500 F.3d 111, 119 (2d Cir.2007) (internal quotation marks omitted) (citing China Trade, 837 F.2d at 35). If those two threshold requirements are satisfied, we then consider whether the parallel litigation would “(1) frustrate a policy in the enjoining forum; (2) be vexatious; (3) threaten the issuing court’s in rem or quasi in rem jurisdiction; (4) prejudice other equitable considerations; or (5) result in delay, inconvenience, expense, inconsistency, or a race to judgment.” Id. (alterations, ellipses, and internal quotation marks omitted). If the primary and secondary China Trade factors are satisfied, we then turn to the ordinary preliminary injunction test to consider whether the party seeking an injunction has demonstrated “(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant’s favor.” In re Millenium Seacarriers, Inc., 458 F.3d at 98. We review the district court’s decision to enter a preliminary anti-suit injunction only for abuse of discretion, see id. at 97, which occurs when the court applies an incorrect legal standard or makes clearly erroneous factual findings, see Prayze FM v. F.C.C., 214 F.3d 245, 249 (2d Cir.2000).
Consist relegates to a footnote its discussion of the China Trade factors, including its baseless assertion that “the district court ignored both the threshold test and the five additional factors set *13 forth in China Trade.” Appellant’s Br. at 7 n. 4; see Software AG, Inc. v. Consist Software Solutions, Inc., No. 08-cv-398, 2008 WL 563449, at *21-25 (S.D.N.Y. Feb.21, 2008) (considering China Trade factors). Rather than address the China Trade factors, Consist explains that “due to the passage of time since this Court’s denial of the stay [of the injunction pending appeal] and the consequential change in the commercial circumstances, Consist limits the issues raised here to those going to the ultimate merits.” Appellant’s Br. at 7. Consist thus does not challenge the district court’s conclusions as to either the primary or secondary China Trade factors, and we therefore consider any such challenge waived. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir.2005). We also note Consist’s failure to challenge the district court’s conclusion that Consist and its counsel acted in bad faith when they failed to alert the district court to actions Consist filed in Brazil. See Software AG, Inc. v. Consist Software Solutions, Inc., 2008 WL 563449, at *10.
We decline on the limited record before us to provide a judgment on “the ultimate merits.” Appellant’s Br. at 7. Given the posture of this appeal, we are not required to address those issues. See Webb v. GAF Corp., 78 F.3d 53, 55-56 (2d Cir.1996) (“Obviously, quite different considerations are presented by a preliminary injunction that is entered prior to a final judgment on the merits, and a permanent injunction that constitutes a central component of such a final judgment.”).
We further note that the injunction the district court actually entered pertains to Consist’s prosecution of certain lawsuits and related trademark matters. It does not specifically enjoin Consist to take, or refrain from taking, any action regarding the contract claims, the Lanham Act claim, or the tortious interference claim. We need not decide the question of whether the district court’s analysis on the merits was correct in toto. We simply note that Consist has not properly challenged the anti-suit provisions of the preliminary injunction and, to the extent that the merits are implicated by any other portion, the record provides enough support for the injunction that the injunction does not exceed the district court’s allowable discretion.
Accordingly, we AFFIRM the district court’s entry of a preliminary anti-suit injunction against Consist.