Broker Genius Inc. v. Seat Scouts LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand and nineteen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> PAUL A. ENGELMAYER,*
> > *District Judge.*

---

Broker Genius Inc.,

> *Plaintiff-Counter-Defendant-Appellee*,

v.

Drew Gainor, Seat Scouts LLC,

> *Defendants-Counter-Claimants-Appellants*,

Guinio Volpone, Event Ticket Sales LLC, Ray Volpone, 4311 N 161st St Omaha, NE 68116, Stuart Gainor, 69 Yates Rd Manalapan, NJ 07726, Volpone Software LLC, 7202 Giles Road Suite 4 #330 La Vista, NE 68128, Gainor Software LLC, 5706 Belmont Valley Ct. Raleigh, NC 27602

> *Defendants.*

18-2527-cv

---

* Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

*For Appellee*:                    VERONICA MULLALLY MUNOZ (Daniel J. Melman, on the brief), Pearl Cohen Zedek Latzer Baratz LLP, New York, New York.

*For Appellant*:                    CHRISTOPH C. HEISENBERG (Andrew Miltenberg, on the brief), Hinckley & Heisenberg LLP, New York, New York.

Appeal from May 14 and August 24, 2018 orders of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the portion of the appeal challenging the district court's order of May 14, 2018 entering a preliminary injunction against appellants is **DISMISSED** as moot and that the portion of the appeal challenging the order of August 24, 2018 finding appellants in contempt is **DISMISSED** for lack of jurisdiction.

Appellants Drew Gainor and Seat Scouts, LLC (collectively, "Seat Scouts") appeal the district court's order preliminarily enjoining Seat Scouts from making its product Command Center available to the public. Seat Scouts also appeals from the district court's order finding it in contempt based on Seat Scouts's launch of its Event Watcher application. On February 7, 2019, the district court entered a permanent injunction, precluding Seat Scouts from making and distributing any application derived from Broker Genius's product AutoPricer. We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments presented on appeal, which we recite only as necessary to explain our decision.

## A. Preliminary Injunction

Due to the district court's entry of a permanent injunction, Broker Genius asks us to dismiss Seat Scouts's appeal as moot. We agree. When a district court enters a permanent injunction, it renders an appeal from a preliminary injunction moot. *See, e.g.*, *Webb v. GAF Corp.*, 78 F.3d 53, 56 (2d Cir. 1996) (holding entry of a permanent injunction moots an appeal from a preliminary injunction), *Town of W. Hartford v. Operation Rescue*, 991 F.3d 1039, 1043 (2d Cir. 1993) (dismissing appeal from preliminary injunction upon entry of permanent injunction), *Rosado v. Wyman*, 437 F.2d 619, 624-25 (2d Cir. 1970) (concluding that the entry of a permanent injunction left the preliminary injunction "technically no longer operative" such that an appeal from the preliminary injunction was moot). The district court's February 7 entry of a permanent injunction has mooted Seat Scouts's appeal of the preliminary injunction.[1]

## B. Order of Contempt

Seat Scouts argues that the district court improperly extended the preliminary injunction in finding that the use of Event Watcher was barred by the injunction and, as a result, holding Seat Scouts in contempt. We do not have jurisdiction to review this argument because the order holding Seat Scouts in contempt, without also imposing sanctions, is not a final order. *See Forschner Grp., Inc. v. Arrow Trading Co., Inc.*, 124 F.3d 402, 410 (2d Cir. 1997) (holding that "an order adjudging a party in contempt unaccompanied by sanctions is not final and therefore is not appealable"); *see also In re Tronox Inc.*, 855 F.3d 84, 96-97 (2d

---

[1] Broker Genius also seeks a limited remand to the district court for the purpose of requesting that the district court reduce the security posted by Broker Genius in compliance with the district court's preliminary injunction. That motion is denied as moot, essentially for the same reasons that the appeal of the injunction is dismissed.

Cir. 2017) (holding that an order entered by the district court in connection with a pending contempt motion but that made no contempt finding and awarded no contempt sanctions was not an appealable final order); *cf. SEC v. Smith*, 710 F.3d 87, 94 (2d Cir. 2013) (explaining that appellate courts have jurisdiction to review unappealable issues only when they are "inextricably bound up with" a preliminary injunction such that "review of the otherwise unappealable issue is necessary to ensure meaningful review of the appealable one" (internal quotation marks omitted)).

Here, the district court stated:

[t]his Court has no evidence with respect to what damages Broker Genius has suffered as a result of defendants' contempt. The parties may make additional submissions on that subject within 31 days or if they're able [to] reach an agreed-upon amount themselves, subject to approval by the Court obviously.

App. 105. The district court's statement clearly contemplates an assessment of damages that has yet to be made. We are therefore without jurisdiction to review the contempt order as it currently stands.

The appeal from the order dated May 14, 2018, entering the preliminary injunction, is **DISMISSED** as moot. We **DISMISS** for lack of jurisdiction the appeal from the order dated August 24, 2018 holding Seat Scouts in contempt.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4