**In re Jimmie Lee PATTERSON, Jr., Debtor.**

**Bernard Wood WILLIAMSON, Plaintiff,**

v.

**Jimmie Lee PATTERSON, Jr., Defendant.**

**Civ. A. No. 4:93cv00015.**
**Bankruptcy Case No. 91–40749–B.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 4, 1993.

---

Avery T. Waterman, Jr., Patten, Wornom & Watkins, Newport News, VA, for appellee.

Conrad M. Shumadine, S. Bernard Goodwyn, Willcox & Savage, P.C., Norfolk, VA, for appellant.

## ORDER

REBECCA BEACH SMITH, District Judge.

On February 3, 1993, this matter came before the court for a hearing on defendant/debtor's Motion for Withdrawal of Reference of Proceeding and for Stay of Proceeding, filed January 28, 1993, and on plaintiff's Motion to Withdraw or Transfer, filed February 2, 1993.

By his motion, defendant/debtor sought withdrawal of this court's reference to the bankruptcy court of the proceeding arising from plaintiff's Complaint in an Adversary Proceeding to Determine Dischargeability of a Debt ("Adversary Proceeding Complaint"), filed in bankruptcy court on July 5, 1991, and assigned bankruptcy case number 91–4040–B. Plaintiff opposed defendant/debtor's motion, at least to the extent that defendant/debtor sought withdrawal of the reference of the entire adversary proceeding. Plaintiff by his motion sought withdrawal only of the reference of the personal injury, civil rights/tort action underlying the dischargeability proceeding. Plaintiff desired that the bankruptcy court

retain the dischargeability proceeding itself.

The court FINDS that plaintiff's personal injury, civil rights/tort action is not a core proceeding which the bankruptcy court may determine. 28 U.S.C. § 157(b)(1), (2)(*O*). Moreover, the personal injury, civil rights/tort action is not a non-core proceeding that the bankruptcy court may hear under 28 U.S.C. § 157(c)(1). Congress has mandated trial in the district court of personal injury tort actions, 28 U.S.C. § 157(b)(5), and thereby specifically excepted such actions from bankruptcy court jurisdiction. Therefore, on the motions of both defendant/debtor and plaintiff and on its own motion, pursuant to 28 U.S.C. § 157(d), the court WITHDRAWS the reference to the bankruptcy court of plaintiff's personal injury, civil rights/tort action underlying the dischargeability proceeding.[1]

The court GRANTS plaintiff relief from the stay imposed under 11 U.S.C. § 362(a)(1). The court MODIFIES the stay to the extent that plaintiff may prosecute his personal injury, civil rights/tort action against defendant/debtor. 11 U.S.C. § 362(d)(1). The court ORDERS that the personal injury, civil rights/tort action be tried in this court. 28 U.S.C. § 157(b)(5). The court DIRECTS the Clerk to FILE, *nunc pro tunc* July 5, 1991,[2] as the Complaint in district court action number 4:93cv00015, the personal injury, civil rights/tort complaint attached as Exhibit A to plaintiff's Adversary Proceeding Complaint and incorporated thereinto by reference at 2, ¶ 6. The court STAYS the bankruptcy court dischargeability proceeding in *In re Patterson*, bankruptcy case number 91–40749–B, until further order of this court. *See* Bankr.R. 5011(c).

As requested by the parties at the hearing, the court GRANTS plaintiff ten (10) days to file in district court action number 4:93cv00015 an amended complaint that amends only the *ad damnum* clause of the

---

1. The court does not withdraw the dischargeability proceeding itself.

2. *See supra* at 1. When advised at the February 3 hearing of the court's intent to order the *nunc pro tunc* filing of plaintiff's complaint, defendant raised no objection.

complaint. The court GRANTS defendant twenty (20) days to file an amended answer in action number 4:93cv00015, regardless of whether plaintiff files an amended complaint.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to the bankruptcy court.

It is so ORDERED.