**Jimmie Lee PATTERSON, Jr., Appellant,**

v.

**Bernard Wood WILLIAMSON, Appellee.**

**Action No. 4:93CV16.**

United States District Court,
E.D. Virginia,
Newport News Division.

April 16, 1993.
Nunc Pro Tunc April 6, 1993.

Conrad M. Shumadine, S. Bernard Goodwyn, Peter Vincent Chiusano, Willcox & Savage, P.C., Norfolk, VA, for appellee.

Avery T. Waterman, Jr., Patten, Wornom & Watkins, Newport News, VA, for appellant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

On December 3, 1992, in bankruptcy adversary proceeding number 91–4040–B, which arose out of bankruptcy case number 91–40749–B, the United States Bankruptcy Court for the Eastern District of Virginia held a hearing on a motion to compel discovery and a motion for sanctions filed by plaintiff Bernard Wood Williamson (appellee herein). Debtor/defendant Jimmie Lee Patterson (appellant herein) had refused to produce certain witness statements, on the basis of the work product privilege. At the December 3, 1992 hearing, the bankruptcy court, among other things, granted the motion to compel, imposed sanctions against Patterson in the amount of $1,500, and ordered Patterson to bear the cost of travelling from his home in the midwest to Newport News to be deposed in connection with the adversary proceeding initiated by Williamson. The bankruptcy court memorialized its rulings in a written Order entered December 29, 1992.

On April 6, 1993, this matter came before the United States District Court for a hearing on an appeal by Patterson and Willcox and Savage, P.C., the law firm representing Patterson before the bankruptcy court. Patterson and the law firm appeal specifically from the bankruptcy court's rulings: (1) imposing sanctions; and (2) ordering Patterson to bear the expense of travelling to his deposition in Newport News.

█ After a hearing and argument by counsel, the court FINDS that the bankruptcy court was without jurisdiction to rule on the discovery matters, as those matters pertained to a non-core proceeding arising under 42 U.S.C. § 1983. This court has withdrawn the reference to the bankruptcy court of that non-core proceeding. *See In re Patterson,* 150 B.R. 367, 368 (E.D.Va.1993). The section 1983 action is now a pending civil case in this court. Accordingly, the bankruptcy court's rulings on the discovery matters, from which appellants appeal, are null and void, because the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding.

█ The question of the imposition of sanctions is, then, before this court for *de novo* determination, and the court FINDS sanctions unwarranted. Patterson's refusal to produce certain documents was predicated on counsel's argument that those documents were subject to the work product privilege. Both law and fact supported that argument. Counsel thus in good faith adopted the position that the documents were privileged.[1] Further, the manner in which Patterson's counsel proceeded, once they decided to assert the privilege, was entirely proper. Patterson's counsel specifically identified for Williamson's counsel the documents with respect to which the privilege was asserted, and presented those documents to the bankruptcy court for *in camera* review.

█ Determining *de novo* the question of whether Patterson must pay the travel expenses related to his deposition, the court FINDS such payment improper. Patterson was to be deposed as the defendant in the section 1983 civil action, rather than as the debtor in the bankruptcy case. The Bankruptcy Rules therefore do not apply to the resolution of this question. In a civil action, the defendant has no duty or obligation to pay the travel costs associated with his own deposition to be taken by the plaintiff. The plaintiff filed the suit, and he may either travel to the defendant or pay for the defendant to travel to him. Accordingly, as Patterson already has incurred travel expenses in connection with his deposition, the court ORDERS Williamson to reimburse Patterson for those expenses.

It is so ORDERED.

---

1. This court makes no finding here as to whether the work product privilege actually applies to the disputed documents, as that question was not presented to this court.