Henry G. HUSZAR, Plaintiff,

v.

Victor ZELENY/Dorothy Courten ESq., Anthony M. Parlatore, Esq., Veronica J. Huszar "aka" Veronica J. Lackish c/o Dorothy A. Courten Esq., Marian H. Russo, Esq., and Edward M. Gould, Esq., Defendants.

No. 02CV5111(ADS)ARL.

United States District Court, E.D. New York.

June 28, 2003.

**100**

Henry G. Huszar, Farmingville, NY, Plaintiff Pro Se.

Edward Gould, Esq., Islip, NY, Defendant Pro Se and for the Defendants Victor Zeleny, Dorothy A. Courten, and Veronica J. Huszar aka Veronica J. Lackish.

Roe, Wallace, Esteve, Taroff & Taitz by Marian H. Russo, Esq., Patchogue, NY, for the Defendant Anthony M. Parlatore.

Roe, Wallace, Esteve, Taroff & Taitz by Steven C. Taitz, Esq., Of Counsel, Patchogue, NY, for the Defendant Marian H. Russo.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court are three motions to dismiss by all the defendants, namely, Victor Zeleny ("Zeleny"), Dorothy A. Courten ("Courten"), Anthony M. Parlatore ("Parlatore"), Veronica J. Huszar aka Veronica J. Lackish ("Lackish"), Marian A. Russo ("Russo"), and Edward M. Gould ("Gould") (collectively, the "defendants").

### I. BACKGROUND

**A. Procedural Background**

On September 20, 2002, Henry Huszar ("Huszar" or the "plaintiff") commenced this action against (1) Courten, his former wife's attorney in a matrimonial proceeding, (2) Lackish, his former wife, (3) Parlatore, the receiver appointed in his matrimonial proceedings, and (4) Zeleny, who notarized certain state court documents for Courten, alleging fraud and the deprivation of constitutional and civil rights. On October 10, 2002, Courten, Lackish, Parlatore, and Zeleny filed two separate motions to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). Subsequently, the plaintiff filed his opposition papers to the motions to dismiss, and soon thereafter, he filed an amended complaint. In the amended complaint, the plaintiff adds two additional defendants, Russo, counsel for Parlatore, and Gould, counsel for Zeleny, Courten, and Lackish, as well as a RICO claim and a request for injunctive relief. On November 18, 2002 and on November 25, 2002, the defendants filed three separate motions to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6).

On January 13, 2003, the plaintiff filed an order to show cause requesting that Parlatore be stayed with regard to the foreclosure and sale of his properties located at 19 Gould Road, Centereach, New York and 123 Ridgewood Avenue, Farmingville, New York (collectively, the "Gould and Ridgewood properties"), which are jointly owned by the plaintiff and his former wife Lackish. That same day, Parlatore was directed to show cause why the Court should not grant a preliminary injunction to prevent the sale of the Gould and Ridgewood properties. On January 17, 2003, this Court conducted a hearing and denied the plaintiff's request for a preliminary injunction. On January 23, 2003, the plaintiff filed an interlocutory appeal as to this Court's January 17, 2003 denial of the preliminary injunction.

### B. Factual Background

As an initial matter, the Court notes that the plaintiff's 30–page, handwritten amended complaint is redundant and far from clear. The plaintiff commenced this action pursuant to 42 U.S.C. § 1983. In generic terms, the plaintiff claims that during his matrimonial proceedings entitled *Huszar v. Huszar*, Index No.: 1991–19439 before the New York State Supreme Court, County of Suffolk, he was deprived of his constitutional and civil rights. In an affidavit, Russo states that after Huszar and his former wife Lackish were divorced, Parlatore was appointed as receiver pursuant to a June 13, 2001 order by the New York State Supreme Court. The order directed Parlatore to sell the Gould and Ridgewood properties and distribute the proceeds between the plaintiff and Lackish. Huszar claims that the June 13, 2001 order is invalid and that Parlatore is therefore without authority to sell the properties. Huszar seeks monetary damages and injunctive relief to stop the sale of the properties

In addition, without any elaboration, the plaintiff asserts claims for RICO violations. Furthermore, the plaintiff contends that the defendants have committed fraud by, among other things, committing perjury, filing false motions, affirmations, and affidavits and making false representations in state and federal court. The plaintiff claims that Courten has withheld Lackish's address and misrepresented facts to hide her whereabouts. The plaintiff further states that Lackish "did hire an unethical attorney, conspire, lie, and herself file false instruments, provide forgery of a [notarized] documents to steal [and] strip plaintiff [sic] of his assets in a [state] court action...." The plaintiff asserts that the defendants' alleged misconduct has forced him to file for bankruptcy.

## II. DISCUSSION

### A. As to the Plaintiff's Notice of Appeal

 In general, the filing of a notice of appeal confers jurisdiction to the court of appeals and divests the district court of jurisdiction. *See United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir.1996). However, an appeal from an interlocutory order divests jurisdiction only with respect to "issues decided in the order being appealed." *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir.1996). Thus, the district court is not completely divested of jurisdiction where " 'the judgment appealed from does not determine the entire action, in which case the district court may proceed with those matters not involved in the appeal.' " *Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P.*, 55 F.Supp.2d 231, 234 (S.D.N.Y.1999) (quoting *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir.1989)). As such, an interlocutory decision involving a preliminary injunction does not divest the district

court of jurisdiction, *see* 28 U.S.C. § 1292(a), and the case may proceed on the merits, *see, e.g., Webb,* 78 F.3d at 55. Here, the interlocutory appeal involves this Court's denial of a preliminary injunction and is unrelated to the merits of Huszar's claims. Therefore, the Court has jurisdiction over these proceedings and may decide the defendants' motions to dismiss.

## B. Legal Standards

### 1. Rule 12(b)(1)

■ When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *See Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Rep. of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in the affidavits may not be considered. *See Kamen v. AT & T,* 791 F.2d 1006, 1011 (2d Cir.1986).

### 2. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995)). "In addition to the forgoing standard governing Rule 12(b)(6) motions, the Court must be mindful of the relevant rules of pleading. In general, a plaintiff need only provide 'a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R.Civ.P. 8(a)(2), and all pleadings shall be construed as to do substantial justice,' Fed.R.Civ.P. 8(f)." *Protter v.Nathan's Famous Sys., Inc.,* 904 F.Supp. 101, 105 (E.D.N.Y.1995).

### 3. Plaintiff's *Pro Se* Status

The Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers ....' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that

*pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law ....' " *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

## C. Rooker–Feldman Doctrine

■ The defendants argue that the Court lacks subject matter jurisdiction to adjudicate the plaintiff's claims. To the extent that a complaint seeks to challenge state court judgments, a federal court lacks subject matter jurisdiction to decide the claims under the Rooker–Feldman doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," *Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995), and "federal review, if any, can occur only by way of a certiorari petition to the Supreme Court," *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir.1998).

■ This doctrine also prohibits a district court review of state court judgments to claims that are "inextricably intertwined" with a state court's determinations. *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002). A claim is inextricably intertwined with the state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). In addition, a plaintiff cannot circumvent Rooker–Feldman by recasting his claim as a federal civil rights violation, *see Davidson v. Garry,* 956 F.Supp. 265, 268–69 (E.D.N.Y. 1996).

■ In the Court's view, the plaintiff's claims for constitutional and civil rights violations, RICO, and fraud arise from the state court proceedings. The Court agrees with the defendants that this action was commenced primarily to attack Parlatore's authority to act as receiver. "The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of Rooker–Feldman." *Parra v. Greenpoint Mortgage Co.,* No. 01 CV 2010, 2002 U.S. Dist. LEXIS 25281, at *5–6 (Mar. 26, 2002) (quotations omitted). Indeed, even if the order by the state court was wrongfully procured, as the plaintiff alleges, the order remains in full force and effect until it is reversed or modified by an appropriate state court. *Id.* at 6. Put simply, the plaintiff cannot enter through the back door to evade the Rooker–Feldman doctrine to get into federal court. As such, this Court lacks subject matter jurisdiction over the plaintiff's claims.

## D. Younger Abstention

■ In the alternative, the Court finds that it must abstain from considering the plaintiff's claims under the Younger abstention doctrine. In the "interests of comity and federalism," the Younger abstention doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 237–38, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984). Thus, a federal court should abstain from interfering with pending state litigation when (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the plaintiff has an

open avenue for review in the state courts of his constitutional claims. *Gentner v. Shulman,* 55 F.3d 87, 88–90 (2d Cir.1995). The principles enunciated in Younger have been expanded to civil proceedings. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 594, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

 Here, because Parlatore has not completed his duties as receiver, the parties do not dispute the existence of a pending state proceeding. In addition, although Huszar repeatedly asserts that the amended complaint alleges federal civil rights claims, he does not deny his ability to raise these claims in state court. Furthermore, as previously mentioned, it is clear to the Court that the amended complaint is a veiled attempt to appeal from the order appointing Parlotore as receiver from the matrimonial proceedings. It is well-settled that there is an "important state interest" in the resolution of matrimonial proceedings. *Choi v. Kim,* N. 96 CV 2086, 1997 WL 722708 (E.D.N.Y. Sept. 25, 1997) (quoting *Ex Parte Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 34 L.Ed. 500 (1890)) ("the whole subject of the domestic relations of husband and wife ... belongs to the laws of the states, and not to the laws of the United States.").

As such, the Court finds that this case falls squarely within the ambit of the Younger abstention doctrine, as Huszar can raise his claims in the context of the pending proceedings in the New York State court system if he feels that the state court decisions were incorrect. Accordingly, this Court abstains from adjudicating this case and finds that dismissal is proper. In addition, even assuming the Court had subject matter jurisdiction over the plaintiff's claims and did not abstain from adjudicating this case, the Court finds that, for the reasons below, the plaintiff has failed to adequately state a claim.

**E. As to the Motions to Dismiss for Failure to State a Claim**

**1. Section 1983 Claim**

The plaintiff commenced this action pursuant to 42 U.S.C. § 1983. Section 1983 provides, in relevant part:

> Every person who, under color of ... [state law] subjects, or causes to be subjected, any ... person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

 Thus, in order to state a claim under Section 1983, a plaintiff must allege that, (1) the conduct complained of is fairly attributable to a state actor; and (2) as a result of the defendant's conduct, the plaintiff suffered a deprivation of his rights or privileges secured by the Constitution or federal laws. *Annis v. County of Westchester,* 136 F.3d 239, 246 (2d Cir.1998). The only state actor involved in this case is Parlatore. However, it is well-settled that judges and court officials are immune from suit under Section 1983 for acts performed in their official capacities. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Similarly, court-appointed receivers are also cloaked with the judge's immunity. *See Bradford Audio Corp. v. Pious,* 392 F.2d 67, 73 (2d Cir. 1968). As such, because the allegations in the amended complaint relate to Parlatore's actions with his duties as receiver, Parlatore is immune from suit.

With respect to the remaining defendants, nowhere in the amended complaint does the plaintiff allege that they are state actors. Nor does the plaintiff identify a right secured by the Constitution or federal laws. Accordingly, the Court finds that

his Section 1983 claims against the defendants must be dismissed.

### 2. RICO Claim

In order to bring a RICO claim, a plaintiff must allege (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly to conduct or participate in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. *See Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir.1983); *USA Certified Merchants, LLC. v. Koebel*, No. 01 CV 0408, 2003 U.S. Dist. LEXIS 8236, at *24 (S.D.N.Y. May 15, 2003). "Racketeering activity" is defined as comprising specific enumerated crimes, including mail fraud as mentioned in the amended complaint. 18 U.S.C. § 1961(1).

Here, the amended complaint repeatedly asserts a claim for RICO. However, the plaintiff in no way elaborates on how the defendants were engaged in a "racketeering activity" or how they participated in an "enterprise." Indeed, it is not even alleged that their activities affected interstate or foreign commerce, as this case is merely an outgrowth of the marital proceedings involving the sale of the marital property. As such, the Court finds that the RICO claim against the defendants must be dismissed.

### 3. Fraud

■ To establish a claim for fraud, a plaintiff must demonstrate (1) a representation of a material fact, (2) falsity, (3) scienter, (4) reasonable reliance, and (5) injury. *Manning v. Utilities Mut. Ins. Co., Inc.*, 254 F.3d 387, 400 (2d Cir.2001). Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed.R.Civ.P.

9(b). "This exception to the generally liberal standard of pleading helps to ensure that defendants receive fair notice of allegations of fraud and to protect them from the serious harm to reputation or goodwill that can result from such allegations." *Wells Fargo Bank Northwest N.A. v. Taca Int'l Airlines*, 247 F.Supp.2d 352, 364 (S.D.N.Y.2002).

■ In order to satisfy the particularity requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993). Although Rule 9(b) allows a plaintiff to allege fraudulent intent generally, the plaintiff must nevertheless allege facts that give rise to a strong inference of fraudulent intent. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994).

■ Here, the defendants are correct in asserting that the claims of fraud relating to them are deficient. The amended complaint sets forth only conclusory allegations. Furthermore, the amended complaint fails to identify when and where the statements were made and does not explain why the statements were fraudulent. In short, the amended complaint fails to identify the "particulars" of the alleged fraud.

### F. Leave to Amend

Although the plaintiff has not filed a formal motion to amend his complaint, the Court assumes because of his *pro se* status that such a motion would be sought. When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated. *Thompson v. Carter,* 284 F.3d 411, 419 (2d Cir.2002) (citing *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991)). Nevertheless, " '[f]utility' is a valid reason for denying a motion to amend ... where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Pangburn v. Culbertson,* 200 F.3d 65, 70–71 (2d Cir.1999) (citations omitted).

Huszar has already amended his complaint once. Immediately after Zeleny, Courten, Parlatore, and Lackish filed their initial motions to dismiss, the plaintiff filed an amended complaint. Even with the most liberal reading of the amended complaint, the Court finds that it is completely devoid of any viable cause of action and any amendment would be futile. Accordingly, the Court declines to grant leave to amend in this case.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' motions to dismiss the amended complaint in its entirety are **GRANTED;** and it is further

**ORDERED,** that the amended complaint is dismissed in all aspects; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**