**In re Stephen G. ERICKSON a.k.a. Stephen Gregory Erickson, Debtor.**

**Lauren Goldschmidt, Movant,**

v.

**Stephen G. Erickson a.k.a. Stephen Gregory Erickson, Respondent.**

**No. 04–23332.**

United States Bankruptcy Court, D. Connecticut.

Sept. 15, 2005.

Brian C. Courtney, Esq., Rome, McGuigan PC, Hartford, CT, Counsel for Movant.

Joseph W. Bibisi, Esq., McVane, Bellobuono, Kuzmak, Wiezalis & Bibisi, LLP, Hartford, CT, Counsel for Debtor—Respondent.

### RULING GRANTING RELIEF FROM STAY

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

#### I.

At issue in this proceeding is whether the court should grant Lauren Goldschmidt ("the movant") relief from the automatic stay ("the motion") to allow her to continue a state-court action against Ste-

phen G. Erickson, a Chapter 7 debtor ("the debtor"), where the pending action may constitute a personal injury tort claim. The debtor objected to the motion. After a hearing on the motion held on August 24, 2005, the parties filed briefs from which, in addition to court records, the following background is derived.

## II.

### BACKGROUND

The debtor is a dentist in private practice. The debtor employed the movant, also a dentist, as an associate from September 2000 until June 2001, at which time he terminated her employment. The movant, in April 2003, commenced an action in the Connecticut Superior Court ("the state court") alleging that, in terminating her employment, the debtor discriminated against her on the basis of her pregnancy in violation of Conn. Gen.Stat. § 46a–60 [1] ("the discrimination claim"). The debtor denied any discrimination and contended that the termination was unrelated to her pregnancy and maternity leave; that her termination was due to the debtor's financial difficulties and to a number of incidents in which the movant's treatment of patients and staff was detrimental to the debtor's dental practice.

After discovery had been essentially completed, but before the state court had set a trial date, the debtor, on November 16, 2004, filed a Chapter 7 bankruptcy petition whose schedules indicate that there are no nonexempt assets. The movant, on February 11, 2005, commenced an adversary proceeding in this court alleging, inter alia, that the discrimination claim of $500,000 is excepted from discharge pursuant to Bankruptcy Code § 523(a)(6) ("A discharge ... does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity....").[2]

## III.

### POSITIONS OF THE PARTIES

The movant argues that the discrimination claim includes a "personal injury tort claim" which, pursuant to 28 U.S.C. § 157(b)(2)(O) and (b)(5), the bankruptcy court lacks jurisdiction to adjudicate. Consequently, the movant claims relief from stay is dictated to allow the state-court action, which is ready for trial, to proceed.

The debtor urges denial of the motion on the grounds that continuing such litigation would not only be costly for the debtor, but, unless the movant were to prevail on her nondischargeability complaint,

---

1. Section 46a–60, *Discriminatory employment practices prohibited,* provides in relevant part:
    (a) It shall be a discriminatory practice in violation of this section:
    ...
    (7) For an employer ... (A) To terminate a woman's employment because of her pregnancy; (B) to refuse to grant to that employee a reasonable leave of absence for disability resulting from her pregnancy; (C) to deny to that employee, who is disabled as a result of pregnancy, any compensation to which she is entitled as a result of the accumulation of disability or leave benefits accrued pursuant to plans maintained by the employer....

The movant commenced the discrimination claim after apparently complying with the statutory procedures of Conn. Gen.Stat. Chapter 814c ("Human Rights and Opportunities").

2. Paragraph 25 of the nondischargeability complaint asserts: "As a result of the [debtor's] tortious breach of its duty of good faith and fair dealing, the [movant] has suffered damages in the way of lost income and benefits of employment, economic hardship, loss of career opportunity, anxiety, humiliation, pain and suffering, and emotional distress."

fruitless for the movant. The debtor notes that the estate has no distributable assets, and argues that the movant's claim cannot comport with the standards for a § 523(a)(6) exception to discharge set forth in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding that the debtor must have intended to cause injury). The debtor contends that the state-court proceeding should continue to be stayed until the bankruptcy court has ruled on the question of dischargeability. Alternatively, the debtor "respectfully requests that relief from stay be limited to allowing the plaintiff/movant to remove the State Court action to the District Court where the District Court can determine dischargeability as a threshold issue, and, if deemed nondischargeable, enter any appropriate judgment." (Objection ¶ 10.)

### IV.

### *DISCUSSION*

#### A.

#### *Is The Discrimination Claim A Personal Injury Tort Claim?*

Pursuant to 28 U.S.C. § 157(b)(2)(O), a bankruptcy court may not hear and determine a personal injury tort claim.[3] Section 157(b)(5) then provides: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

■ Although there are court rulings to the contrary, this court agrees with the ruling of Judge Weil that claims alleging that a debtor illegally discriminated in em-

ployment on the basis of race, creed, disability or sex are personal injury tort claims. *See Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 161 (Bankr.D.Conn. 2002) (discussing cases limiting personal injury tort claims to those involving bodily injury, and those interpreting the term more broadly to include civil rights actions; generally adopting the broader view). It follows that this court lacks subject-matter jurisdiction to adjudicate the discrimination claim, although it has exclusive jurisdiction to adjudicate its dischargeability once such claim is liquidated. *See* § 523(c)(1) (granting bankruptcy court exclusive jurisdiction to determine dischargeability of, inter alia, debts excepted from discharge under § 523(a)(6) within certain time limitation).

■ The next question is whether this court may grant relief from stay to enable the discrimination claim to be liquidated in the state court. This question was answered in the affirmative in *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr.S.D.N.Y.2001) where neither the debtor nor the creditor had previously sought relief in the district court under § 157(b)(5). The bankruptcy court ruled that the bankruptcy court could grant relief from stay, if otherwise appropriate, to allow a personal injury tort claim to be litigated in a state court, but that "decision does not affect the debtor's right to move in the district court under § 157(b)(5) to transfer the litigation in accordance with that provision." *Id.* This court concurs.

#### B.

#### *Relief From Stay*

■ In light of the fact that this court cannot liquidate the discrimination claim, it

---

**3.** 28 U.S.C. § 157(b)(2)(O) provides, in relevant part, that a bankruptcy court may hear and determine "proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship, except personal injury tort . . . claims."

is readily apparent that the movant is entitled to relief from stay so that she may liquidate the claim. *See Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir.1990) (listing a number of factors ("the *Sonnax* factors") "to be weighed in deciding whether litigation should be permitted to continue in another forum"). The Sonnax factors include: (1) whether relief would result in a partial or complete resolution of the issues; (2) whether litigation in another forum would prejudice the interests of other creditors; (3) the interests of judicial economy and the expeditious and economical resolution of litigation; (4) whether the parties are ready for trial in the other proceeding; and (5) impact of the stay on the parties and the balance of harms. *In re Sonnax Indus., Inc.*, 907 F.2d at 1286. These factors favor the movant.

The debtor urges denial of the motion so that this court may rule on the question of dischargeability since the outcome of the state-court litigation will be moot if the bankruptcy court rules the debt is discharged. The court disagrees. Proof that the debtor intentionally and maliciously injured the movant by illegally discriminating against her necessitates proving the underlying discrimination allegations, which the bankruptcy court lacks jurisdiction to hear.

With regard to the debtor's stated preference for transferring the state-court litigation to the district court which may try both the issue of the discrimination claim and the issue of its dischargeability together, nothing in this ruling precludes the debtor from moving in the district court to transfer the litigation and to revoke the reference to the bankruptcy court of the nondischargeability issue pursuant to § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.").

## CONCLUSION

In accordance with the foregoing discussion, the court concludes that the motion for relief from stay be, and hereby is, granted to allow the parties to continue to litigate the discrimination claim in state court to judgment, provided, however, that no action be taken to enforce any resulting judgment until the bankruptcy court has ruled, in Adversary Proceeding 05–2011, on the dischargeability of such claim. It is

**SO ORDERED.**

## *ORDER GRANTING RELIEF FROM STAY*

The motion of Lauren Goldschmidt for relief from stay having been heard, after due notice, and the Court having issued its ruling of even date, it is

ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by 11 U.S.C. § 362(a) be modified to permit the movant to pursue the action, *Lauren Goldschmidt v. Stephen Erickson, D.D.S.*, Docket No. CV 03 0824854, presently pending in the Superior Court of Connecticut, Judicial District of Hartford, provided that no action be taken to enforce any resulting judgment until the Bankruptcy Court has ruled, in Adversary Proceeding 05–2011, on the dischargeability of the movant's claim.