**Katherine Bell MOORE, Plaintiff,**

v.

**IDEALEASE OF WILMINGTON, and Stewart Brown, Defendants.**

**No. 7:06–CV–37–D.**

United States District Court,
E.D. North Carolina,
Southern Division.

Aug. 8, 2006.

Katherine Bell Moore, Wilmington, NC, Pro se.

Michael Murchison, Murchison, Taylor & Gibson, PLLC, Wilmington, NC, for Idealease of Wilmington, NC, Stewart Brown individually, and his successors, in their capacities as president and/or members of the Board of Directors, Defendants.

## ORDER

DEVER, District Judge.

On March 22, 2006, Katherine Bell Moore ("plaintiff") filed a complaint alleging violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1982. The case pertains to a money judgment that was entered in state court in favor of defendant Idealease ("Idealease") against plaintiff and a corporate defendant. On April 25, 2006, plaintiff filed a bankruptcy petition pursuant to title 11, chapter 13 of the United States Code. On June 16, 2006, Idealease and co-defendant Stewart Brown (collectively "defendants") moved, pursuant to 28 U.S.C. § 157, to refer this case to the United States Bankruptcy Court for the Eastern District of North Carolina. Plaintiff objected and argued that the bankruptcy court lacked jurisdiction to adjudicate her civil rights claims. For the reasons explained below, defendants' motion is de-

nied. Moreover, because plaintiff's complaint implicates the *Rooker–Feldman* doctrine, the court orders additional briefing on that jurisdictional issue.

## I.

In their motion and supporting memorandum, defendants argue that the case should be moved to bankruptcy court because the case constitutes a "core" proceeding "related" to plaintiff's bankruptcy case under 28 U.S.C. § 157. *See* Def. Mot. ¶ 8; Def. Mem. 2–3. Defendants, however, ignore a portion of section 157 that precludes the referral of this case to bankruptcy court. The statute states that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). Likewise, the statute explicitly exempts personal injury tort claims from the included examples of "core proceedings" that a bankruptcy court may fully adjudicate. *See* 28 U.S.C. § 157(b)(2)(B) & (O). Accordingly, if the claims in plaintiff's complaint are "personal injury tort claims," then defendants' motion to refer must fail.

▪ Plaintiff alleges violations of her constitutional and civil rights in contravention of 42 U.S.C. §§ 1981 & 1982. *See* Compl. ¶¶ 1–9. These claims are based, in part, on plaintiff's status as an African–American female. *See* Compl. ¶¶ 38, 45. The term "personal injury tort claim" is not defined in title 28 or in title 11. The Fourth Circuit has not directly addressed whether claims under sections 1981 and 1982 constitute "personal injury tort claims" for purposes of section 157, and courts in other jurisdictions disagree as to whether such claims constitute "personal

injury tort claims." *See In re Ice Cream Liquidation, Inc.,* 281 B.R. 154, 160–62 (Bankr.D.Conn.2002) (discussing divergent views on this issue). After analyzing the contrasting opinions, this court agrees with what appears to be the emerging majority view in holding that civil rights claims brought under 42 U.S.C. §§ 1981 & 1982 constitute "personal injury tort claims" under section 157. *See In re Ice Cream Liquidation, Inc.,* 281 B.R. at 161; *In re Sanjari,* No. 05–50205–JBR, 06–4041, 2006 WL 1233928, at *3 (Bankr.D.Mass. May 4, 2006) (unpublished); *In re Erickson,* 330 B.R. 346, 349 (Bankr.D.Conn.2005); *In re Gary Brew Enters., Ltd.,* 198 B.R. 616, 618–20 (Bankr.S.D.Cal.1996); *In re Hansen,* 164 B.R. 482, 486 (D.N.J.1994); *In re Patterson,* 150 B.R. 367, 368 (E.D.Va. 1993); *In re Boyer,* 93 B.R. 313, 315–18 (Bankr.N.D.N.Y.1988).

Binding precedent confirms that plaintiff's civil rights claims should be treated as personal injury tort claims. In discussing the nature of claims under 42 U.S.C. § 1983, the Fourth Circuit has explained: "In essence, § 1983 creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, *every cause of action under § 1983 which is well-founded results from 'personal injuries.' "* *Almond v. Kent,* 459 F.2d 200, 204 (4th Cir.1972) (emphasis added). Expressly relying on *Almond,* the Supreme Court held that "[section] 1983 claims are best characterized as personal injury actions." *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 383–85, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). The Supreme Court went on to apply this same view to section

1981 claims. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), *superseded by statute on other grounds as stated in Jones*, 541 U.S. at 383–85, 124 S.Ct. 1836. In *Goodman*, the Court began by discussing its holding in *Wilson* and stating that section 1983 claims "are in essence claims for personal injury." *Goodman*, 482 U.S. at 661, 107 S.Ct. 2617. In rejecting the argument that section 1981 claims should not be similarly regarded because section 1981 deals with contractual rights,[1] the Court explained:

> Section 1981 has a much broader focus than contractual rights. The section speaks not only of personal rights to contract, but personal rights to sue, to testify, and to equal rights under all laws for the security of persons and property; and all persons are to be subject to like punishments, taxes, and burdens of every kind. Section 1981 of the present Code was § 1977 of the Revised Statutes of 1874. Its heading was and is "Equal rights under the law" and is contained in a chapter entitled "Civil Rights." Insofar as it deals with contracts, it declares the personal right to make and enforce contracts, a right, as the section has been construed, that may not be interfered with on racial grounds. The provision asserts, in effect, that competence and capacity to contract shall not depend upon race. It is thus part of a federal law barring racial discrimination, which, as the Court of Appeals said, is a fundamental injury to the individual rights of a person. *Wilson's* characterization of § 1983 claims is thus equally appropriate here, particularly since § 1983 would reach state action that encroaches on the rights protected by § 1981. That § 1981 has far-reaching economic consequences does not change this conclusion, since such impact flows from guaranteeing the personal right to engage in economically significant activity free from racially discriminatory interference.

*Id.* at 661–62, 107 S.Ct. 2617. The Fourth Circuit has applied the same reasoning in categorizing section 1982 claims. *Allen v. Gifford*, 462 F.2d 615 (4th Cir.1972) (per curiam) ("Both § 1982 and § 1983 were enacted to redress the infringement of civil rights. Both allow the recovery of damages for *personal wrongs*.") (emphasis added).[2] While *Almond, Wilson, Goodman*, and *Allen* were decided in the context of determining the appropriate state statute of limitations for these federal claims, the court discerns no reason why the analysis set forth in these cases does not equally apply to whether these causes of action should be characterized as personal injury tort claims for purposes of section 157. "It would be a strange anomaly to adopt the personal injury tort statute of limitations for civil rights actions and then hold such term under § 157(b)(2)(B) means something altogether different when non-core jurisdiction is at issue." *In re Gary Brew Enters., Ltd.*, 198 B.R. at 620.

Finally, the court notes that had Congress wanted to limit the term "personal

---

1. 42 U.S.C. § 1981(a) reads: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

2. 42 U.S.C. § 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

injury tort" to refer only to those claims involving bodily injury, it could have done so. As other courts have noted, Congress has codified the term "personal bodily injury" in the bankruptcy code. *See, e.g., In re Ice Cream Liquidation, Inc.*, 281 B.R. at 160 (citing 11 U.S.C. § 522(d)(11)(D)). The fact that Congress chose not to use that more limited term in section 157 bolsters the court's conclusion that plaintiff's civil rights claims constitute personal injury tort claims.

■ Because plaintiff alleges personal injury tort claims against defendants, this court retains jurisdiction over those claims pursuant to 28 U.S.C. § 157(b)(5). Although some courts construe section 157(b)(5)'s use of the term "tried" to mean that a bankruptcy court may resolve pretrial motions in such actions, this court believes that (absent consent) a district court should retain control over all aspects of personal injury tort claims under section 157. *See Patterson v. Williamson*, 153 B.R. 32, 33 (E.D.Va.1993). For these reasons, defendants' motion is denied.

## II.

■ Having addressed defendants' motion, the court raises another issue for the parties to consider. Specifically, the court mandates briefing on whether plaintiff's complaint should be dismissed under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine is a jurisdictional matter that a court may raise *sua sponte*. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th. Cir.1997). "The *Rooker–Feldman* doctrine provides that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir.2000) (quoting *Dist. of Columbia Ct.App. v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206

(1983)). The *Rooker–Feldman* doctrine "bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root*, 211 F.3d at 198. "The 'inextricably intertwined' prong of the doctrine bars a claim that was not actually decided by the state court but where 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir.1997)); *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir.2006) ("[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court."). Moreover, a party "may not escape the jurisdictional bar of *Rooker–Feldman* by merely refashioning its attack on the state court judgments as a [civil rights] claim." *Jordahl*, 122 F.3d at 202; *Huszar v. Zeleny*, 269 F.Supp.2d 98, 103 (E.D.N.Y.2003).

In reviewing plaintiff's complaint, it appears that the success of her claims depend on this court determining that the state trial court incorrectly adjudicated the previous case between plaintiff and Idealease. *See* Compl. ¶¶ 13–32. Accordingly, the court hereby orders the parties to brief whether the case must be dismissed under the *Rooker–Feldman* doctrine. The court also mandates that the parties include exhibits (affidavits or otherwise) explaining whether and when a judgment lien on plaintiff's residence at 4311 Appleton Way in New Hanover County, North Carolina was put in place. *Cf.* Compl. ¶ 29. This issue may be important to resolving the broader *Rooker–Feldman*

question and the complaint appears to be internally inconsistent concerning whether and when a judgment lien was placed on plaintiff's residence. *Compare* Compl. ¶ 29 *with* Compl. ¶ 46. The brief also shall state the status (if any) of any appeal that plaintiff filed concerning the action in the state trial court. Defendants' brief on the *Rooker–Feldman* issue must be submitted no later than August 25, 2006. Deadlines for plaintiff's response and defendants' reply shall then be governed by the Local Rules of this court related to civil motions practice.

## III.

For the reasons explained above, defendants' motion to refer is DENIED. The parties SHALL submit briefs related to the *Rooker–Feldman* issue as detailed above. The court will not enter a discovery plan until it resolves this *Rooker–Feldman* issue.